## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHI-WEI LIN**<br>500 Race Street, Apt. 3211<br>San Jose, California 95126 | )<br>)<br>) |
| | ) |
| Plaintiff, | )<br>) |
| | ) |
| v. | )    **Civil Action No. 16-502** |
| | ) |
| **U.S. Department of Homeland Security**<br>245 Murray Lane, S.W. Building 410<br>Washington, D.C. 20258, | )<br>)<br>)<br>) |
| and | )<br>) |
| **JEH JOHNSON, Secretary**,<br>U.S. Department of Homeland Security, in his<br>official capacity as well as his successors and<br>assigns,<br>245 Murray Lane, S.W. Building 410<br>Washington, D.C. 20258-0075, | )<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| **U.S. Citizenship and Immigration Services,**<br>111 Massachusetts Avenue, N.W.<br>Washington, D.C. 20529-2000, | )<br>)<br>)<br>) |
| and | )<br>) |
| **LEON RODRIGUEZ, Director**,<br>U.S. Citizenship and Immigration Services,<br>in his official capacity as well as his<br>successors and assigns,<br>20 Massachussets Avenue, N.W.<br>Washington, D.C. 20529-2000, | )<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| **NICHOLAS COLLUCI, Chief**,<br>Immigrant Investor Program,<br>in his official capacity as well as his<br>successors and assigns,<br>131 M Street, N.E. MS 2235<br>Washington, D.C. 20529-2090 | )<br>)<br>)<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Mr. Chi Wei Lin, through undersigned counsel, alleges as follows:

## I. INTRODUCTION

1.      This civil action seeks judicial review of a final agency decision that Plaintiff has failed to establish eligibility for classification under Section 203(b)(5)(A) of the Immigration and Nationality Act ("INA") by a preponderance of the evidence.

2.      Section 203(b)(5) of the INA provides classification to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise (including a limited partnership):

> (i) in which such alien has invested (after the date of the enactment of the Immigration Act of 1990) or, is actively in the process of investing, capital in an amount not less than the amount specified in subparagraph (C), and

> (ii) which will benefit the United States economy and create full-time employment for not fewer than 10 United States citizens or aliens lawfully admitted for permanent resident or other immigrants lawfully authorized to be employed in the United States (other than the immigrant and the immigrant's spouse, sons, or daughters).

3.      On January 14, 2014, Mr. Lin filed a Form I-526, Immigrant Petition by Alien Entrepreneur, to establish eligibility under INA Section 203(b)(5) and provided evidence of an all-cash capital contribution in the amount of $500,000 (USD) into IDHH, LP that would help to create approximately 236 jobs in support of a 175-unit Hyatt House Hotel in Orlando, Florida.

4.      Mr. Lin's Form I-526 included evidence that Defendant's father, businessman Mr. Hsin-Yi Li, had first conveyed $500,000 to Plaintiff and that Plaintiff had thereafter transferred an all-cash, $500,000 contribution to IHDD, LP on October 29, 2013.

5.       On August 12, 2015 Defendant Immigrant Investor Program Office properly found that Mr. Lin's Form I-526 petition *successfully* demonstrated qualifying grounds for nearly every requirement, such as sufficient job creation, the lawful source of his funds, and the viability of the hotel project. Defendants nonetheless denied Mr. Lin's Form I-526 petition.

6.       This denial basically relates to the definition of Capital  - what it means and whether an all cash wire transfer constitutes an investment of capital. Defendants denied Mr. Lin's petition based on a factual finding that the intent behind the $500,000 conveyance from father to son (Plaintiff) was a loan, not a gift. This factual finding, though disputed, is irrelevant as a matter of law. In actuality, what matters for both INA Section 203(b)(5) and 8 C.F.R. 204.6 is simply whether the *petitioner* himself (not his father or anyone else) makes a present commitment of (lawfully acquired) capital, such that the "alien has invested or . . . is actively in the process of investing, capital." INA § 203(b)(5).

7.       With all due respect to Defendants, Plaintiff asserts that the agency denial is based on an incorrect factual finding and unreasonable agency interpretations of INA Section 203(b)(5), 8 C.F.R. Sections 103.2(b)(1) and 204.6, and its four precedent decisions regarding EB-5 immigrant investor visa classification.  Specifically, Plaintiff alleges that a contribution of cash meets the Capital requirement, even if the Plaintiff obtained the Cash invested via a Loan.

8.       As established herein, Plaintiff contends that Defendants misapplied the facts and the law as to his Form I-526 petition by:

a.       erroneously concluding that Plaintiff had failed to establish that he was eligible for the benefit sought under INA Section 203(b)(5), 8 C.F.R. Section 204.6, and the four precedent decisions "at the time of filing the benefit request and continu[ing] . . . through adjudication." 8 C.F.R. 103.2(b)(1);

b.      erroneously determining that applicable legal requirements require Plaintiff to somehow "secure" an all-cash capital contribution into a new commercial enterprise;

c.      failing to conclude properly that his $500,000 all-cash capital contribution was, in fact, cash and not a promissory note or other form of indebtedness between Plaintiff and the new commercial enterprise;

d.      erroneously rendering a factual and legal determination that the intent behind the initial $500,000 conveyance from father to son (Plaintiff) for the purposes of the investment into the new commercial enterprise was relevant for a determination of whether the $500,000 all-cash capital contribution was fully at risk;

e.      notwithstanding its relevance for the eligibility sought, incorrectly evaluating the evidence and making a factual finding that misconstrued the intent behind the $500,000 all-cash conveyance from father to son (Plaintiff);

f.      erroneously determining that the information provided by Plaintiff in response to the agency request for more information under 8 C.F.R. Section 103.2(b)(8) constituted a "material change" to the initial filing that justified ineligibility under INA Sections 203(b)(5) and 8 C.F.R. Section 204.6; and

g.      failing to define meaningfully what may, or may not, constitute a "material change."

9.      Mr. Lin has been injured by USCIS' actions, and is seeking declaratory and injunctive relief under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq*., and related authorities.

## II. JURISDICTION AND VENUE

10.     The Court has jurisdiction over this matter pursuant to 5 U.S.C. Section 702, 28 U.S.C.

Sections 1331, 1361, and 2201–2202.

11.     Because Defendants' decision on a petition for an EB-5 visa is not discretionary,

neither the immigration laws nor the APA withdraws jurisdiction.

12.     Venue lies in this judicial district under 28 U.S.C. Section 1391(e), in that Defendants

are agencies and officers of agencies of the United States who reside in this judicial

district.

## III. PARTIES

### Plaintiff

13.     Plaintiff, a national of Taiwan, is a current resident of San Jose, California. He filed a

Form I-526 petition with USCIS on January 17, 2014 and is lawfully present in the United

States on an F-1 student, non-immigrant visa.

### Defendants

14.     The U.S. Department of Homeland Security ("DHS") is the federal agency bearing

responsibility for administration and enforcement of the nation's immigration laws.

15.     Defendant Jeh Johnson is sued in his official capacity as DHS Secretary in which

he is charged with the just administration and enforcement of the immigration laws. 8

U.S.C. § 1103(a).

16.     U.S. Citizenship and Immigration Services ("USCIS"), a bureau of the U.S.

Department of Homeland Security, is responsible for awarding visa petitions in appropriate

circumstances consistent with the INA. As used below, "USCIS" refers to both the U.S.

Citizenship and Immigration Services, and predecessor agency U.S. Immigration and

Naturalization Services.

17.    Defendant Leon Rodriguez is sued in his official capacity as Director of USCIS.

18.    Defendant Nicholas Colluci is sued in his official capacity as USCIS Chief of the

Immigrant Investor Program Office.

### IV. FACTS

<u>Form I-526 Petition, Memorandum in Support, & Exhibits</u>

19.    On January 17, 2014 Plaintiff filed his <u>Form I-526</u>, Immigrant Petition by Alien

Entrepreneur with Defendant USCIS at P.O. Box 660168, Dallas, Texas 75266. A Form G-28

Notice of Appearance from his immigration law firm, a <u>Memorandum in Support</u> with

accompanying <u>Exhibits,</u> and a check with the requisite $1,500.00 filing fee accompanied the

<u>Form I-526 Petition</u>.

20.    On January 23, 2014 Defendant DHS and USCIS issued a Form I-797C, Notice of

Action, to Mr. Lin acknowledging receipt of the <u>Form I-526 Petition</u> on January 21, 2014.

Defendants DHS and USCIS assigned Plaintiff's Receipt Number as "WAC1490110310."

21.    Mr. Lin's evidence submitted with the <u>Form I-526 Petition</u> (No. WAC1490110310) to

Defendants DHS and USCIS detailed, *inter alia*, how Mr. Lin acquired the $500,000 capital

contribution from his father (Hsin-Yi Lin), how Mr. Lin (son) tendered the $500,000 cash

contribution to the new commercial enterprise, when Mr. Lin (son) tendered the $500,000

cash contribution, and how the new commercial enterprise maintained control of the son's

$500,000 cash contribution upon transfer, to wit:

      a.    Plaintiff's <u>Form I-526 Petition</u>, Part 3, "Information About Your Investment,"

   reflects that Mr. Lin (Plaintiff) directly contributed $500,000 on October 29, 2013 for an

   investment into a hotel project in a targeted employment area in Orange County, Florida;

b.      Plaintiff's Form I-526 Petition, Part 4, "Additional Information About the

Enterprise," establishes that the "Composition of the Petitioner's Investment" was a total

amount of $500,000 in a U.S. bank account and that the "Total of all debt financing" for this

investment was "$0.00;"

c.      Plaintiff's Memorandum in Support attached to the Form I-526 Petition, at

page 8, asserts that Mr. Lin (son) "has already made the necessary $500,000 investment . . .

in the form of all cash. On October 29, 2013, the Petitioner wired $500,000 for the

investment . . . to the IDHH Escrow Account . . . and the full $500,000 will be invested in the

project;"

d.      Mr. Lin's Memorandum in Support attached to the Form I-526 Petition, at page

9, references how the capital was lawfully obtained: "In the briefest form possible, the

Petitioner's investment is *funded by a gift* from his father, Hsin-Yi Lin, who owns a

successful company called An Yang Co, which has posted a profit of nearly $1,400,000 in

the last five years. The company profits remained largely in the company until Mr. Lin

[father] issued several distributions to himself in 2012. He forwarded these funds to the

Plaintiff's account in 2013 and the Petitioner [son] made the investments as described

above." (Emphasis added);

e.      Mr. Lin's Memorandum in Support attached to the Form I-526 Petition, at page

10, references Exhibit 16, a "*Gift* letter stating Mr. Lin's [father] intention to gift his son the

funds to use for his EB-5 investment," and identifies a number of documents (i.e., wire

transfers) in Exhibit 16 lawfully tracing how "[t]he Petitioner *received the gift funds* from his

father and [how] they were ultimately forwarded to the project." (Emphasis added);

f.      The Gift Letter, dated October 2, 2013, contained within Exhibit 16 as attached

to the Memorandum in Support of the Form I-526 Petition, written from Mr. Hsin-Yi Lin

(father) to Mr. Chi-Wei Lin (son)'s immigration law firm establishes the lawful source of the

$500,000 conveyance to the son:

> I am writing this letter to confirm that my son, Lin, Chi-Wei, is totally at risk for the
> EB-5 investment . . . *I lent him the money to invest. However, I also view it as a Gift to
> him.* I am confirming that if for any reason my son, Lin, Chi-Wei, defaults on any
> portion of the loan to him in the amount of $500,000[,] I will then legally create a gift,
> taxable pursuant to Taiwan law, of the amount of the Promissory Note that may be
> unpaid. I also will be providing a gift to him each year of the amount of the interest
> due each year, so there is zero risk on the interest. I do understand that if any part of
> the Promissory Note is unpaid, then I will be responsible for and pay any gift taxes or
> consequential costs involved, pursuant to Taiwan Law. However, I do want to be clear
> that the investment he is making IS at *risk because [he] will either pay it back, or
> receive it as a Gift.* In this respect, the Promissory Note is fully secured and at-risk.
> (Emphasis added).

g.      An Affidavit of Mr. Ysin-Yi Lin (father), dated October 2, 2013, contained

within Exhibit 16 as attached to the Memorandum in Support of the Form I-526 Petition

further supports the father's view of the capital – "I use part of my company's income to

support my son's EB-5 investment."

h.      Other evidence provided in support of the Form I-526 Petition established a

clear path of capital contributed to the new commercial enterprise:

i.      From October 15, 2013 to October 18, 2013 Plaintiff's father wired a

total of $501,000 (USD) from his Citibank (Hong Kong) account (A/C No. xxxx4951) to

Plaintiff's Bank of America account (A/C No. xxxxxxxx4015) in four installments with three

payments of $125,000 (USD) and one payment of $126,000 (USD); and

ii.      On October 29, 2013 Plaintiff transferred by wire $500,000 (USD)

from his Bank of American account (A/C No. xxxxxxxx4015) to IDHH, LP's Escrow

Account.

8

Lost Agency Record

22.     On June 22, 2015 Defendants DHS, USCIS, and the Immigrant Investor Program

Office issued Mr. Lin a decision denying his Form I-526 Petition (No. WAC1490110310).

[hereinafter the "Erroneous Abandonment Denial."]. This decision asserted that USCIS issued

a Notice of Intent to Deny on April 30, 2015 to Mr. Lin, and provided him until June 2, 2015

to submit the information requested. Defendants denied Mr. Lin's Form I-526 Petition on the

grounds of abandonment.

23.     On June 23, 2015 Mr. Lin's immigration law firm notified USCIS by e-mail that

Defendant Immigrant Investor Program Office never issued an April 30, 2015 Notice of Intent

to Deny.

24.     On or before July 29, 2015 Defendant Immigrant Investor Program Office withdrew

the Erroneous Abandonment Denial, and informed Mr. Lin's immigration law firm by e-mail

on July 29, 2015 that a new Notice of Intent to Deny was mailed on July 16, 2015.

Notice of Intent to Deny

25.     On July 16, 2015 Defendants DHS, USCIS, and Immigrant Investor Program Office

issued a Notice of Intent to Deny to Mr. Lin, care of his immigration law firm, citing

deficiencies in Mr. Lin's Form I-526 Petition.

26.     Defendants provided Mr. Lin with the opportunity to submit additional information

concerning the following areas:

    1. Employment Creation/Comprehensive Business Plan;
    2. Employment Creation/Reasonable Methodologies to Estimate Indirect Job-Creation;
    3. Required Amount of Capital Has Been Invested or is Actively in the Process of
    Being Invested and the Capital Has Been Placed At Risk;
    4. Evidence That the Invested Capital was Obtained Through Lawful Means; and
    5. Translation Does Not Comply With the Requirements of 8 C.F.R. 103.2(b)(3).

Notice of Intent to Deny, dtd. July 16, 2015, at pgs. 4-11.

27.     Relative to the third area cited above, whether the "Required Amount of Capital Has Been Invested or is Actively in the Process of Being Invested and the Capital Has Been Placed at Risk," Defendants made an interim finding that "[t]he record indicates that petitioner's EB-5 investment capital derived from a loan his father gave to him in the amount of $500,000 U.S. dollars." Notice of Intent to Deny, dtd. July 16, 2015, at pg. 9.

28.     Defendants made another interim finding that "[t]he funds are also not considered as an unconditional gift as the funds were initially obtained as a loan, and only in the event of a default by the petitioner would the petitioner's father declare it as a gift." Notice of Intent to Deny, dtd. July 16, 2015, at pg. 10.

29.     Citing 8 C.F.R. § 204.6(e), the definition of *Capital*, Defendants asserted that "[t]he record does not appear to contain the promissory note made between the petitioner and his father nor does the record contain any indication of the petitioner's assets used to secure the loan." Notice of Intent to Deny, dtd. July 29, 2015 at pg. 9.

30.     Defendants thus reasoned that "the funds obtained from the petitioner's father do not quality as capital because the loan is not secured by assets owned by the petitioner." Notice of Intent to Deny, dtd. July 16, 2015, at pg. 10.

31.     Defendants' Notice of Intent to Deny cited 8 C.F.R. Section 204.6(e), which defines *Invest* as:

> Invest means to contribute capital. A contribution of capital in exchange for a note, bond, convertible debt, obligation, or any other debt arrangement between the alien entrepreneur and the new commercial enterprise does not constitute a contribution of capital for the purposes of this part.

32.      Defendants' Notice of Intent to Deny cited 8 C.F.R. Section 204.6(e), which defines

*Capital* as:

> **Capital means cash**, equipment, inventory, other tangible property, cash equivalents, and indebtedness secured by assets owned by the alien entrepreneur, provided that the alien entrepreneur is personally and primarily liable and that the assets of the new commercial enterprise upon which the petition is based are not used to secure any of the indebtedness. All capital shall be **valued at fair market value in United States dollars**. Assets acquired, directly or indirectly, by unlawful means (such as criminal activities) shall not be considered capital for the purposes of section 203(b)(5) of the Act. (Emphasis added).

33.     Defendants' <u>Notice of Intent to Deny</u> cited 8 C.F.R. Section 204.6(j)(2), which states, in part, that "[t]he alien must show actual commitment of the required amount of capital" such as the following evidence:

> (i) **[For Cash]** Bank statement(s) showing amount(s) deposited in United States business account(s) for the enterprise;

> (ii) **[For Equipment]** Evidence of assets which have been purchased for use in the United States enterprise, including invoices, sales receipts, and purchase contracts containing sufficient information to identify such assets, their purchase costs, date of purchase, and purchasing entity;

> (iii) [**For Other Tangible Property**] Evidence of property transferred from abroad for use in the United States enterprise, including United States Customs Service commercial entry documents, bills of lading, and transit insurance policies containing ownership information and sufficient information to identify the property and to indicate the fair market value of such property;

> (iv) **[For Cash Equivalents]** Evidence of monies transferred or committed to be transferred to the new commercial enterprise in exchange for shares of stock (voting or nonvoting, common or preferred). Such stock may not include terms requiring the new commercial enterprise to redeem it at the holder's request; or

> (v) **[For Indebtedness Secured by Assets Owned by the Alien Entrepreneur]** Evidence of any loan or mortgage agreement, promissory note, security agreement, or other evidence of borrowing which is secured by assets of the petitioner, other than those of the new commercial enterprise, and for which the petitioner is personally and primarily liable.

34.     Under 8 C.F.R. Section 103.2, form instructions "are incorporated into the regulations requiring its submission." Defendants' <u>Form I-526 Instructions</u>, *available at*

*https://www.uscis.gov/sites/default/files/files/form/i-526instr.pdf*, asserts that "[y]ou may file

this petition for yourself if you have established a new commercial enterprise: . . 2. In which

you have invested or are actively in the process of investing the amount required for the area

in which the enterprise is located."

35.     Defendants' Form I-526 Instructions, *available at*

*https://www.uscis.gov/sites/default/files/files/form/i-526instr.pdf*, also provides that for "Initial

Evidence Requirements" the following evidence must be filed with your petition:

> Evidence that you have invested or are actively in the process of investing the amount
> required for the area in which the business is located. Such evidence may include, but
> need not be limited to, copies of bank statements, evidence of assets that have been
> purchased for use in the enterprise, evidence of property transferred from abroad for
> use in the enterprise, evidence of monies transferred or committed to be transferred to
> the new commercial enterprise in exchange for shares of stock, any loan or mortgage,
> promissory note, security agreement, or other evidence of borrowing that is secured by
> assets of the petitioner.

36.     Defendant DHS and USCIS's policy memorandum governing EB-5 adjudications,

entitled Policy Memorandum, EB-5 Adjudications Policy, PM-602-0083, dated May 2013,

available at *https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/2013/May/EB-*

*5%20Adjudications%20PM%20%28Approved%20as%20final%205-30-13%29.pdf*

(hereinafter EB-5 Policy Memo)*,* clarifies that:

> [A]t this preliminary Form I-526 filing stage, the immigrant investor must demonstrate
> his or her commitment to invest the capital but need not establish that the required
> capital already has been invested; it is sufficient if the immigrant investor
> demonstrates that he or she is actively in the process of investing the required capital.
> However, evidence of a mere intent to invest or of prospective investment
> arrangements entailing no present commitment will not suffice. EB-5 Policy Memo,
> pg. 21.

37.     Plaintiff provided, by wire transfer, a $500,000 U.S. cash deposit on October 29, 2013

to IDHH's Escrow Account and documented this cash contribution with a bank statement in

his Initial Evidence Requirements showing the amount desposited in a United States business

account for the enterprise.

38.     Plaintiff did not seek eligibility under INA Section 203(b)(5)'s capital contribution requirement by providing a $500,000 promissory note to IDHH, LP as **"indebtedness secured by assets owned by the alien entrepreneur."** *See* 8 C.F.R. § 204.6(e), *Capital* (promissory notes qualify as a capital contribution between the petitioner and the new commercial enterprise when "the alien entrepreneur is personally and primarily liable and that the assets of the new commercial enterprise upon which the petition is based are not used to secure any of the indebtedness"). *See* 8 C.F.R. § 204.6(e), *Capital*; <u>EB-5 Policy Memo</u>, pg. 3-4 (promissory notes relate to the "immigrant investor's promise to pay (a promissory note)" the business) (Parenthetical in original).

39.     There is no reasonable interpretation of INA Section 203(b)(5) or 8 C.F.R. Section 204.6 whereby Plaintiff's $500,000 U.S. cash deposit on October 29, 2013 into the IDHH, LP Escrow Account could constitute anything *other than cash*, such as the other enumerated areas in the regulatory definition of *Capital,* like:

- equipment,
- inventory,
- other tangible property,
- cash equivalents, and [or]
- indebtedness secured by assets owned by the alien entrepreneur, provided that the alien entrepreneur is personally and primarily liable and that the assets of the new commercial enterprise upon which the petition is based are not used to secure any of the indebtedness.

40.     Defendants improperly interpreted INA Section 203(b)(5) and 8 C.F.R. Section 204.6(e) as requiring lawful and qualifying cash contributions to curiously and somehow be "secured by assets owned by the petitioner."

41.     Because "[i]nvest means to contribute capital' and "[c]apital means cash," the only reasonable interpretation of Plaintiff's $500,000 U.S. currency deposit into the new

commercial enterprise is that he made a present commitment of qualifying capital under INA

Section 203(b)(5) and 8 C.F.R. Section 204.6 which was fully at-risk.

42.     Nonetheless, the <u>Notice of Intent to Deny</u>, at page 3, alerted Mr. Lin that USCIS

intended to deny his <u>Form I-526 Petition</u> but invited "petitioner [to] submit any evidence

deemed appropriate by the petitioner to overcome the deficiencies noted." <u>Notice of Intent to</u>

<u>Deny</u>, dtd. July 16, 2015, at pg. 10.

Response to Notice of Intent to Deny

43.     On August 12, 2015 Mr. Lin submitted a Memorandum in Response to the Notice of

Intent to Deny with accompanying exhibits (hereinafter the "<u>NOID Response</u>").

44.     The <u>NOID Response</u> provided further information as to the five cited areas in

Paragraph 26, *supra*. To clarify the intent behind the $500,000 conveyance from father to son

(which formed the basis for the capital contribution), Plaintiff's father, Mr. Hsin-Yi Lin, wrote

another letter to Defendants, dated July 29, 2015, and contained as <u>Exhibit 13</u> in the <u>NOID</u>

<u>Response</u>:

> I am writing to confirm that the funds used by the Petitioner - my son, Lin Chi-Wei - will be totally at risk when invested in the EB-5 project. The funds are a pure gift from me to him. . . The funds are my personal property which I gave to him as a gift, so that he may seek U.S. permanent residency through the EB-5 program.
>
> At all times, my intention was to give my son the gift of these funds to invest within the laws and regulations that govern the EB-5 program. I understand from your response that it may have been unclear whether these funds are a loan or a gift based upon my prior statement and I am now specifically clarifying that issue.
>
> To be absolutely clear: the funds invested by my son into IDHH, LP EB-5 project are now and were at all times viewed as a gift to my son . . . [T]hese funds are owned by him and he may invest the $500,000 as he wishes and are totally at risk ...
>
> To summarize, this letter confirms my gift of the full investment amount of USD$500,000 to my son; our mutual intent that it be used for that purpose investment; the fact the gift is made without any further limitation on the use of those funds . . .

14

This letter further confirms the same has been my understanding of the nature of this gift at all times, including at the time of the original writing that contains the language to which the USCIS has objected.

45.     Mr. Hsin-Yi Lin's letters dated October 2, 2013 and July 29, 2015 to USCIS evidence

a consistent fatherly intent:

- "I also view it as a Gift to him."
      – Mr. Hsin-Yi Lin, Ex. 16 dated Oct. 2, 2013, <u>Form I-526 Petition</u>.

- "These funds are my personal property which I gave to him as a gift."
      – Mr. Hsin-Yi Lin, Ex. 13, dated July 29, 2015, <u>NOID Response</u>.

<u>Final Agency Action Denying Mr. Lin's Form I-526 Petition</u>

46.     On September 25, 2015, Defendants issued a decision denying Mr. Lin's petition. *See*

Notice of Decision, dated Sep. 25, 2015 (hereinafter the "<u>Decision</u>").

47.     The <u>Decision</u> cited and relied on the following legal authorities: INA Section

203(b)(5), 8 C.F.R. Section 204.6, and four precedent decisions regarding the EB-5 immigrant

visa classification, namely: *Matter of Soffici*, 22 I. & N. Dec. 158 (Assoc. Comm'r 1998);

*Matter of Izummi*, 22 I. & N. Dec. 169 (Assoc. Comm'r 1998); *Matter of Hsiung*, 22 I. & N.

Dec. 201 (Assoc. Comm'r); and *Matter of Ho*, 22 I. & N. Dec. 206 (Assoc. Comm'r 1998).

<u>Decision</u>, pg. 3-4.

48.     The <u>Decision</u> excerpted a portion of *Matter of Izummi* as follows

A petitioner must establish eligibility at the time of the filing; a petition cannot be approved at a future date after the petitioner becomes eligible under a new set of facts. *See Matter of Katigbak*, 14 I. & N. Dec. 45, 49 (Comm. 1971). Therefore, a petitioner may not make material changes to a petition that has already been filed in an effort to make an apparently deficient petition conform to Service requirements. *Matter of Izummi*, 22 I. & N. Dec. at 175; *see also* 8 C.F.R. § 103.2(b)(1). <u>Decision</u>, pg. 4.

49.     Defendants found that Plaintiff submitted "sufficient evidence regarding employment

creation/comprehensive business plan and capital obtained through lawful means." <u>Decision</u>,

pg. 4.

50.     Defendants found that "the change from Petitioner's initial promissory note that would revert to a gift if Petitioner defaulted on the note, to a gift on July 29, 2015, is a material change to the original facts of the petition filed on January 21, 2014." <u>Decision</u>, pg. 5.

51.     Per the Defendants' factual finding per the preceding paragraph, Defendants concluded that "Petitioner's I-526 petition cannot be approved after Petitioner becomes eligible under a new set of facts" as this constitutes a "material change." <u>Decision</u>, pg. 5.

52.     There is no definition of "material change" in Title 8 of the United States Code or Title 8 of the Code of Federal Regulations.

53.     Defendants <u>EB-5 Policy Memo</u> addresses "Material Change" at Part V(D), but the guidance relates generally to material changes to *business plans*.

> A deficient Form I-526 petition may not be cured by subsequent changes to the business plan or factual changes made to address any other deficiency that materially alters the factual basis on which the petition was filed. The only way to perfect material changes under these circumstances is for the immigrant investor to file a new Form I-526 petition to correspond to the changed plans. *See* <u>EB-5 Policy Memo</u>, at pg. 24-25 (citing *Matter of Izzumi*, 22 I. & N. Dec. at 176).

54.     Defendant USCIS's training guidance to EB-5 adjudicating officers, obtained through the Freedom of Information Act, suggests that the definition of "material change," left to the sole discretion of the adjudicating officer, is "usually one which reflects a substantial alteration in circumstances:"

> Note that the facts in place at the time of filing are important. In other words, the financial arrangements and other related factors which make a petition approvable need to be in effect when the petition is filed. It is common for the alien to be alerted to deficiencies in the petition through an RFE [sic] [Request for Evidence] and to attempt to correct them. If such changes are material, the petition may need to be denied. The judgment of whether the change is material is up to the adjudicating officer. However, a material change is usually one which reflects a substantial alteration in circumstances on which the Service is relying in making its decision.

USCIS, EB-5 Training Materials (2008), *available at*
*https://ebfive.files.wordpress.com/2011/04/uscis-eb-5-training-materials-i.pdf* (Last
accessed March 2, 2016).

55.     Plaintiff did not introduce a new set of facts to demonstrate eligibility for I-526

approval at the time of filing, but instead, presented information to Defendants USCIS and

DHS (at their request) to clarify a matter raised by Defendants – Plaintiff's father's intent

behind the $500,000 conveyance to his son. No "substantial alteration" in circumstances

occurred because at all times, from October 29, 2013 through the date of adjudication, the new

commercial enterprise held a $500,000 capital contribution directly provided by Plaintiff.

56.     Defendants likewise referenced its initial determination in the <u>Notice of Intent to Deny</u>

that "Petitioner insufficiently demonstrated whether he has invested or is actively in the

process of investing the required amount of capital nor has the Petitioner placed the required

amount of capital at risk." <u>Decision</u>, pg. 5.

57.     Defendants therefore "determined, based on the initial evidence submitted upon filing

and after consideration of all additional evidence submitted, that Petitioner has failed to

establish by a preponderance of the evidence that the Form I-526 complies with applicable

legal requirements [and] . . . concludes that Petitioner is ineligible for classification under INA

§ 203(b)(5)(A).

### V. EXHAUSTION & INJURY

58.     Defendants have denied or improperly delayed adjudication on Plaintiff's Form I-526

petition.

59.     Plaintiff has a final agency decision denying eligibility for classification under INA

Section 203(b)(5), and as such, he has exhausted his administrative remedies. *See* <u>Form I-526</u>
<u>Petition</u> (No. WAC1490110310).

60.     Defendants' wrongful denial of Plaintiff's <u>Form I-526 Petition</u> has caused and will continue to cause personal harm to Plaintiff.

61.     Defendants' wrongful denial of Plaintiff's <u>Form I-526 Petition</u> has caused and will continue to cause an actual disruption of the economic relationship between the Plaintiff and IDHH, LP.

## VI. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

*DEPRIVATION AND VIOLATION OF RIGHTS UNDER THE INA*

<u>Form I-526 Petition</u> (No. WAC1490110310)

62.     Plaintiff repeats and realleges the allegations contained in the preceeding paragraphs above, inclusive.

63.     In denying Plaintiff's <u>Form I-526 Petition</u> (No. WAC1490110310) on September 25, 2015, Defendants have unlawfully interpreted and applied INA Section 203(b)(5), 8 C.F.R. § 204.6, its four EB-5 precedent decisions, and <u>EB-5 Policy Memo</u>.

64.     As a result, Defendants deprived Plaintiff of his rights under the INA to benefit from the statute's immigrant investor provisions, and thereby violated those rights.

### SECOND CAUSE OF ACTION

*VIOLATIONS OF APA*

<u>Form I-526 Petition</u> (No. WAC1490110310)

65.     Plaintiff repeats and realleges the allegations contained in the preceeding paragraphs above, inclusive.

66.     Defendants denial of Plaintiff's <u>Form I-526 Petition</u> (No. WAC1490110310) is improper and reviewable under 5 U.S.C. Section 702.

67.     As a result of this improper decision by Defendants, Plaintiff is "suffering a legal wrong of agency action," is "adversely affected or aggrieved by agency action," and therefore "is entitled to judicial review thereof" under 5 U.S.C. Section 702.

68.     Defendants' decision to deny Plaintiff's visa petition is based upon an interpretation contrary to, and inconsistent with, INA Section 203(b)(5), 8 C.F.R. Section 204.6, the four EB-5 precedent decisions, and its applicable <u>EB-5 Policy Memo</u>.

69.     The APA directs that the "reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

70.     Defendants' actions, findings, and conclusions are arbitrary, capricious, an abuse of discretion, and not otherwise in accordance with law as follows:

    a.     In violating 5 U.S.C. Sections 702(A) and (C)-(E), Defendants erroneously conclude that Plaintiff had failed to establish that he was eligible for the benefit sought under INA Section 203(b)(5), 8 C.F.R. Section 204.6, and the four EB-5 precedent decisions "at the time of filing the benefit request and continu[ing] . . . through adjudication." 8 C.F.R. 103.2(b)(1);

    b.     In violating 5 U.S.C. Sections 702(A) and (C)-(E), Defendants erroneously determined that applicable legal requirements require Plaintiff to somehow "secure" an all-cash capital contribution into a new commercial enterprise;

    c.     In violating 5 U.S.C. Sections 702(A) and (C)-(E), Defendants failed to conclude properly that Plaintiff's $500,000 all-cash capital contribution was, in fact, cash and not a promissory note or other form of indebtedness between Plaintiff and the new commercial enterprise;

d.      In violating 5 U.S.C. Sections 702(A) and (C)-(E), Defendants erroneously rendered a factual finding and legal determination that the intent behind the initial $500,000 conveyance from father to son (Plaintiff) for the purposes of the investment into the new commercial enterprise was relevant for a determination of whether the $500,000 all-cash capital contribution was fully at risk;

e.      In violating 5 U.S.C. Sections 702(A) and (C)-(E), notwithstanding its relevance for the eligibility sought, Defendants incorrectly evaluated the evidence and made a factual finding that misconstrued the intent behind the $500,000 all-cash conveyance from father to son (Plaintiff);

f.      In violating 5 U.S.C. Sections 702(A) and (C)-(E), Defendants erroneously determined that the information provided by Plaintiff in response to the agency request for more information under 8 C.F.R. Section 103.2(b)(8) constituted a "material change" to the initial filing that justified ineligibility under INA Section 203(b)(5) and 8 C.F.R. Section 204.6;

g.      In violating 5 U.S.C. Sections 702(A) and (C)-(D), Defendants have created and applied a definition of "material change" in excess of statutory and regulatory authority; and

h.      In sum, Defendants' actions, findings, and conclusions that Plaintiff insufficiently demonstrated (i) whether he has invested or is actively in the process of investing the required amount of capital and (ii) the capital has not been placed at risk is "arbitrary, capricious, and abuse of discretion, [and not] otherwise in accordance with law;. . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without observance of procedure required by law; [and] unsupported by substantial evidence" contrary to INA Section 203(b)(5) and 8 C.F.R. Section 204.6. *See* 5 U.S.C. § 702(A) and (C)-(E).

## THIRD CAUSE OF ACTION

### *DECLARATORY JUDGMENT ACT*

71.     Plaintiff repeats and realleges the allegations contained in the preceedings paragraphs above, inclusive.

72.     Plaintiff is entitled to a declaration of his rights, namely, eligibility to classification under INA Section 203(b)(5) and 8 C.F.R. 204.6 as a conditional permanent resident, which shall have the force and effect of a final judgment, in accordance with 28 U.S.C. Section 2201(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays for relief as follows:

a.     That the Court hold unlawful and set aside USCIS findings that Plaintiff failed to establish eligibility under Section 203(b)(5) of the INA in his Form I-526 Petition, denied on September 25, 2015 (No. WAC1490110310), as not in accordance with the INA and APA;

b.     That the Court declare that Plaintiff, through his Form I-526 Petition (No. WAC1490110310), filed on November 17, 2015, fully established that (i) the required amount of capital has been invested or is actively in the process of being invested and (ii) the capital has been placed at risk under INA Section 203(b)(5) and 8 C.F.R. Section 204.6;

c.     That the Court provide further relief as it deems appropriate, just, and equitable; and

d.     That the Court grant reasonable attorney's fees, expenses and costs of court to Plaintiff, pursuant to the Equal Access to Justice Act, 5 U.S.C. Section 504, or any other applicable provision, to include 28 U.S.C. 2412(d).

DATED: March 15, 2016

Respectfully submitted,

//s//

_____
Jason D. Wright, Esq.
Wright Law Firm
DC Bar #1029983
40 Fulton Street - 23rd Floor
New York, New York 10038
202-578-0260
jwright@jasonwrightesq.com

*Attorney for Plaintiff*